No. 12754

IN THE SUPREME COURT OF THE STATE OF MONTANA

1974

PETER KIEWIT SONS' CO., a
Corporation,

Plaintiff and Appellant,

-vs-

DEPARTMENT OF REVENUE and the TAX APPEAL
BOARD OF THE STATE OF MONTANA, J. MORLEY
COOPER, Chairman, HELEN PETERSON and RAY J.
WAYRYNEN, as members thereof,

Defendants and Respondents.

Appeal from:  District Court of the First Judicial District,
Honorable Peter G. Meloy, Judge presiding.

Counsel of Record:

For Appellant:

Garlington, Lohn and Robinson, Missoula, Montana
Lawrence F. Daly argued and Sherman V. Lohn appeared,
Missoula, Montana.

For Respondents:

Terence B. Cosgrove argued, Helena, Montana
Poore, McKenzie & Roth, Butte, Montana
Robert A. Poore argued, Butte, Montana

Submitted:  September 11, 1974

Decided: FEB 2 1 1975

Filed: FEB 2 1 1975

Clerk

Mr. Justice Wesley Castles delivered the Opinion of the Court.

This is an appeal by plaintiff from a summary judgment for defendant granted after a hearing.

On January 10, 1973, this Court decided cause No. 12199, Peter Kiewit Sons' Co. v. State Board of Equalization, et al., 161 Mont. 140, 505 P.2d 102, where we upheld the validity of Chapter 35, Title 84, R.C.M. 1947, as amended.

On July 18, 1973, plaintiff-appellant, hereinafter referred to as Kiewit, filed a complaint in Lewis and Clark County district court, identical to the complaint in cause No. 12199, differing only in amounts of taxes paid at different times. Kiewit sought a recovery of taxes paid and a declaration of unconstitutionality of Chap. 35, Title 84, R.C.M. 1947, as amended.

Defendants-respondents, hereinafter referred to as the Department of Revenue, moved to dismiss the complaint on the grounds of res adjudicata, in that the original Kiewit case controlled. The motion to dismiss was later graduated under Rule 12(b), M.R.Civ.P., to a motion for summary judgment.

Kiewit's position is that this Court declared the law to be valid only if enforced in a certain manner. Then, Kiewit reasons, six months later, in July of 1973, it could demonstrate that the law was invalid because the manner of enforcement did not follow guidelines laid out by this Court. Kiewit engages in a rather tortuous reasoning: The decision of this Court in upholding the validity of the public contractors' gross receipts tax was conditional. These conditions were, according to Kiewit, (1) that public contractors' were exempt from competency requirements of the Act, and (2) that the law could not result in revenue being raised.

Then Kiewit argues: (1) The Department of Revenue currently enforces the entire law against public and private contractors alike and (2) the state collects money in excess of credits and refunds and thus instead of being a revenue enforcing measure, it is actually a revenue raising measure.

As to Kiewit's first contention, if there be a problem it is strictly an administrative one and does not, in our view, approach a constitutional problem. Kiewit charges there has been interference with federal highway administration procurement activities. This may be so, but we are unable to see where a federal-state conflict at the administrative level makes a state law unconstitutional.

As to Kiewit's second point, it may be that Kiewit would be entitled to a refund or some other administrative remedy, but it is obvious that Kiewit seeks but one thing--a declaration of unconstitutionality. Judge Meloy found the original Kiewit decision res adjudicata on the issue of constitutionality and we affirm.

Kiewit insists that the only basis for this Court's conclusion that the Act was not discriminatory as to public contractors was that if the Act were properly enforced, it would result in a "washout"; that is, refunds of personal property taxes and contractors' income taxes would offset the 1% gross receipts tax. Kiewit reads our opinion much too narrowly. We held there that a reasonable classification for tax purposes lay between private and public contractors.

The original Kiewit case involved proceeds from an Army Corps of Engineers contract dated October 9, 1970. At that time, as pointed out in the original Kiewit opinion, provision #58(f) prohibited the contractor from taking advantage of credits available under the provisions of section 84-3514, R.C.M. 1947. Because of that provision and because of ignorance and indifference, many contractors were not applying for credits they were entitled to. The Army Corps of Engineers contract dated May 28, 1971, had a similar provision, #66, which prohibited contractors from taking advantage of credits. However, on December 15, 1971,

the Corps notified Kiewit to obtain all refunds and credits available under the Montana law and to ignore general provision #66. So, now, Kiewit is seeking all credits and refunds. The instant case concerns gross receipt taxes paid over and above any credits and refunds.

Kiewit cites State ex rel. Schultz-Lindsay Construction Company v. State Board of Equalization, 145 Mont. 380, 403 P.2d 635, for the proposition that a gross receipt tax on nonresident contractors is arbitrary and unreasonable. In the original Kiewit case we discussed Schultz-Lindsay and distinguished it and we will not repeat the discussion here.

In Garrett Freightlines, Inc. v. Montana Railroad and Public Service Comm'n, 161 Mont. 482, 491, 507 P.2d 1040, decided March 15, 1973, just two months after the original Kiewit case, this Court in a 3 to 2 decision held a statute, assessing .575 of 1 percent of gross operating revenue on licensed public carriers while exempting directly competing private carriers and exempt carriers, to be unconstitutionally arbitrary and discriminatory. There the Court said:

> "All this goes to show the vast difference in fact situation here from that in Peter Kiewit Sons' Co. v. State Board of Equalization, 161 Mont. 140, 505 P.2d 102. In that case a complaint was raised as to the public contractors' license act being unconstitutional because the levy was not uniform and was discriminatory. We there held that since it appeared that all public contractors had to pay the tax, that all members of the class were treated alike. Under the facts there we also held that a distinction between public and private contractors was not arbitrary and capricious; it being clear from the record that the public contractors' license act was intended to operate as a revenue enforcing measure as pointed out in the opinion and a like situation did not appear as to private contractors."

In Garrett the unfairness of the tax as between competing businesses was shown. In the instant case there is no unfairness as between competing contractors. All public contractors are

- 4 -

treated alike.

We have discussed the position of Kiewit on the merits. The original Kiewit decision is res adjudicata since the parties, issues, and facts are all the same in their relevant particulars. The trial court concluded that the only factual differences were inconsequential against the impact of the doctrines of res adjudicata, collateral estoppel or stare decisis. We agree.

We affirm the judgment of the district court.

_____Wesley Castles_____
　　　　　　　　　　　　Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

- 5 -